UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BROOKS L. MAULDIN,

                          No.09-10245

    Plaintiff,               District Judge David M. Lawson

v.                              Magistrate Judge R. Steven Whalen

JANET NAPOLITANO, Secretary
of Homeland Security,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

**I.   REPORT**

On January 22, 2009, Plaintiff Brooks L. Mauldin filed a *pro se* civil complaint naming as the Defendant Janet Napolitano, the Secretary of Homeland Security. On February 25, 2009, I denied his application for leave to proceed *in forma pauperis*, and ordered him to pay the full filing fee within 21 days. He was warned that "failure to do so may result in the dismissal of his complaint." As of today, 57 days have passed since that order, and Plaintiff has not paid the filing fee. For the reasons that follow, I recommend that the Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

The Plaintiff has filed nine other cases in this Court. Six were dismissed without prejudice based on Plaintiff's failure to pay the filing fee. *See Mauldin v. Cherthoff*, 08-14063; *Mauldin v. Dept. of Homeland Security*, 08-14361; *Mauldin Dept. of Homeland Security*, 08-15078; *Mauldin v. Dept. of Homeland Security*, 08-15174; *Mauldin v. Dept. of Homeland Security*, 08-15299; *Mauldin v. Dept. of Homeland Security*, 09-10275. One is pending, but Plaintiff was ordered to pay the filing fee by March 27, 2009. He has not done so. *See Mauldin v. Wayne County Friend of the Court*, 09-10539. Two were

dismissed on the merits. *See Mauldin v. Gendreau*, 08-13486; *Mauldin v. Dept. of Homeland Security*, 08-13392.

Under Fed.R.Civ.P. 41(b), a district court may *sua sponte* dismiss a case for failure to prosecute. *Link v. Wabash R.R.,* 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). "[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *United States ex rel. Jimenez v. Health Net, Inc.,* 400 F.3d 853, 855 (10th Cir.2005) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 642-43, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976)). This includes the court's orders to pay filing fees. *See Gravitt v. Tyszkiewicz,* 14 Fed. Appx. 348, 349 (6th Cir.2001) (citing *McGore v. Wrigglesworth,* 114 F.3d 601, 605 (6th Cir.1997)). In the present case, the Plaintiff was clearly warned that dismissal would be in the cards if he did not pay the filing fee. As was done with the Plaintiff's other cases in this Court, this case should therefore be dismissed without prejudice. As Judge Tarnow stated in *Gomez v. Davis*, 2007 WL 2953463, *1 (E.D.Mich. 2007):

> "This Court's deficiency order clearly stated that Petitioner was required to submit either the $ 5.00 filing fee or an application to proceed *in forma pauperis.* The deficiency order also expressly warned Petitioner that failure to comply with the order could result in the dismissal of his action. Because Petitioner failed to pay the filing fee or submit the required application to proceed *in forma pauperis,* her petition is subject to dismissal for want of prosecution." (Citing *Gravitt, supra*).

## II.  RECOMMENDATION

For these reasons, I recommend that Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right

of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
UNITED STATES MAGISTRATE JUDGE

Dated: April 23, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 23, 2009.

s/Susan Jefferson
Case Manager